## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 10-30558-WRS
                                               Chapter 7

McINTYRE BUILDING COMPANY INC.,

         Debtor

McINTYRE LAND COMPANY INC.,

         Plaintiff                             Adv. Pro. No. 10-3029-WWRS

    v.

BRANCH BANKING AND TRUST
COMPANY INC., SUSAN S. DEPAOLA,
TRUSTEE FOR McINTYRE BUILDING
COMPANY INC. and FOR INNES T.
McINTYRE IV, MISSISSIPPI VALLEY
TITLE INSURANCE COMPANY, PRO
ABSTRACT TITLE COMPANY INC.,
FIRST AMERICAN TITLE INSURANCE
COMPANY INC. and SERVISFIRST BANK,

         Defendants


### <u>MEMORANDUM DECISION</u>

    These Adversary Proceedings came before the Court for hearing on January 11, 2011.

Plaintiff McIntyre Land Company, Inc., (McIntyre Land) was present by counsel Scott M.

Speagle and William T. Ashley, III;  Defendant Branch Banking and Trust Company, Inc.

(BB&T) was present by counsel Clifton C. Mostellar and Joe A. Joseph; Mississippi Valley Title

Insurance Company was present by E. Russell March, III, Pro Abstract Co., Inc., was present by

counsel Jenna M. Bedsole, and ServisFirst Bank was present by counsel Thomas J. Skinner, IV.

These Adversary Proceedings are before the Court on several procedural motions.[1] The Court will take the facts from the original complaint in Adversary Proceeding 10-3029 and then supplement them, as appropriate from the Amended Complaint and Counterclaim and from the pleadings in Adversary Proceeding 10-3084.

Adversary Proceeding 10-3029 was initiated on April 15, 2010, when McIntyre Land filed its original complaint, naming McIntyre Building, Innes T. McIntyre, IV and Branch Banking and Trust Company, Inc., as Defendants. At that time, McIntyre Building was a Debtor in a case under Chapter 11 of the Bankruptcy Code. As McIntyre Land, McIntyre Building and Innes McIntyre are related parties, the true dispute was between the McIntyres on one hand and BB&T on the other. As alleged in the original complaint in Adversary Proceeding 10-3029, on October 28, 2008, Colonial Bank entered into a loan commitment with Innes McIntyre, McIntyre Land and McIntyre Building whereby Colonial Bank lent approximately $3 million and took a mortgage on a 90 acre parcel of land in Fairhope, Alabama owned by McIntyre Building and the Prattville Square Shopping Center which is owned by McIntyre Land. It is alleged by McIntyre Land that it was agreed that Colonial would later release its mortgage on the Prattville Square

---

[1] Specifically, the motions before the Court are as follows: In Adversary Proceeding 10-3029, Order for Status Conference (Doc. 38); Order for Additional Briefing (Doc. 40); Motion to Consolidate (Doc. 41); Motion to Reconsider (Doc. 43); Motion to Alter and Amend Scheduling Order (Doc. 49). In Adversary Proceeding 10-3084, Motion to Intervene (Doc. 4); Motion for Remand (Doc. 8); Motion for Sanctions (Doc. 9); Motion to Dismiss (Doc. 15); Motion to Strike Motion to Dismiss, (Doc. 18). With the exceptions of the Motion to Alter and Amend the Scheduling Order, the Motion to Dismiss filed by BB&T and the Motion to Strike BB&T's Motion to Dismiss, filed by McIntyre Land, which the Court will hear at a later date, the Court will dispose of all these motions.

property and take instead a mortgage on 165 acres in Prattville owned by McIntyre Building. McIntyre Land called this a "collateral swap." (10-3029, Para. 17). In the meantime, Colonial Bank has failed and Defendant BB&T has acquired the $3 million debt owed by the McIntyres as well as related mortgages.

Adversary Proceeding 10-3029, first came before the Court for a hearing on June 8, 2010. At that time, the Court made the parties aware of its concern that the alleged "collateral swap" may be a fraudulent conveyance. It is not clear, at this juncture, who received the benefit of the $3 million which was borrowed from Colonial and which BB&T now seeks to recover. It may well be that the proposed "collateral swap" was not a fraudulent conveyance, however, the Court remains concerned that several badges of fraud appear to be present. Specifically, it appears that McIntyre Land is attempting to encumber property of the estate with the BB&T mortgage while releasing its property from the same mortgage. This encumbrance of property of the estate is a transfer which may be a fraudulent conveyance. In the alternative, even if McIntyre Building received consideration for the transfer in question, it may nevertheless be a voidable preference within the meaning of 11 U.S.C. § 547.[2]

Shortly after the June 8 hearing, and possibly in response to the Court's concerns, McIntyre Land filed an Amended Complaint (10-3029, Doc. 18), without first seeking leave to amend as required by Rule 15(a), Fed. R. Civ. P. and Rule 7015, Fed. R. Bankr. P. BB&T

---

[2] At the time the Court first raised its concern, McIntyre Building was a Debtor-in-Possession in a case under Chapter 11. The Court was concerned about possible collusion among the various McIntyre entities to the detriment of the estate of McIntyre Building. In the meantime, McIntyre Building has converted its case to a case under Chapter 7 and an independent Trustee has been appointed, alleviating some of the Court's concerns.

3

responded with another motion to dismiss, setting in motion a complex series of procedural motions.

The Amended Complaint differs from the original complaint in that McIntyre Land has abandoned its "collateral swap" theory and elected to proceed on fraud and breach of contract theories, contending that the Bank has promised to release its lien on the Prattville Square Shopping Center, but purports to take no position that other property owned by McIntyre Building was to be mortgaged. To further complicate matters, McIntyre Land joined additional Defendants (i.e. Mississippi Valley Title Insurance Company, Pro Abstract Co., Inc., First American Title Insurance Company and Macon County Abstract and Title Company, Inc.). None of these new Defendants were named in the caption of the Amended Complaint nor were the now apparently superfluous Defendants (i.e. Innes McIntyre and McIntyre Building) dismissed, creating some confusion as to who were the true parties to Adversary Proceeing 10-3029, in light of the Amended Complaint.

In response to the Motion to Strike the Amended Complaint filed by BB&T, McIntyre Land did them one better and moved to dismiss its own complaint, without prejudice. Notwithstanding the fact that BB&T has previously moved to dismiss the original complaint (albeit with prejudice), BB&T then opposed the motion to dismiss, without prejudice, filed by McIntyre Land. As it then appeared to the Court that the Amended Complaint affected only the rights of nonbankrupt parties, the Court granted the motion to dismiss by McIntyre Land on October 21, 2010. (10-3029; Docs. 36, 37).

Unfortunately, the undersigned was not aware that BB&T had filed an Answer, Counterclaim and Crossclaim at the time he entered the October 21 order granting the motion to

dismiss. (10-3029, Doc. 34). Within several hours of entry of the October 21 Order, the undersigned became aware of the Counterclaim and, by Order dated October 22, 2010, <u>sua sponte</u>, set a Status Conference with the intention of determining whether the October 21 order of dismissal should be vacated. After hearing from the parties at the November 19 hearing, the Court entered an order calling for briefs on its <u>sua sponte</u> motion to reconsider. (10-3029, Doc. 40).

The parties did not stand still while the Court was attempting to unravel the procedural mess it had created with its October 21 Order. On October 26, 2010, McIntyre Land filed a complaint in the Circuit Court of Montgomery County, which appears to be similar in many respects to the Amended Complaint filed in Adversary Proceeding 10-3029.[3] (Doc. 18). One significant difference however, is that McIntyre Building and Innes McIntyre are not listed as parties in the caption of the Complaint filed in State Court. BB&T has removed that civil action from the Montgomery County Circuit Court to this Court and moved to consolidate the removed action, which has been designated Adversary Proceeding 10-3084 with the original adversary proceeding, 10-3029.

## II. LAW

While there are a number of motions now pending before the Court, their determination turns largely on the question of how one views these cases. McIntyre Land argues that its claim against BB&T for breach of contract and fraud and the related claims against the title insurance

---

[3] The civil action filed in the Montgomery County Circuit Court was designated CV-2010-901388.

5

companies are distinct from the questions raised in the Counterclaim of BB&T. McIntyre Land

argues that its claims are wholly State law in nature and because they do not involve a party in

bankruptcy, that its claims should be heard in State Court. Furthermore, McIntyre Land argues

that the Bankruptcy Court does not have subject matter jurisdiction over its claims, as they will

have no effect on the bankrupt estate of McIntyre Building. For further support, McIntyre Land

cites this Court's Memorandum Decision of October 21, 2010. (10-3029, Doc. 36). BB&T

argues that the claims are so interrelated that one may not be decided in isolation of the other

without creating the risk of inconsistent adjudications.

Paragraph 8 of the Complaint of McIntyre Land filed in Montgomery County (now AP

10-3084, Doc. 1) states as follows:

> In 2006, Codefendants McIntyre Building Company and Innes
> McIntyre as well as MLC entered into an agreement with BB&T.
> That agreement required BB&T to release its mortgage on
> Prattville Square Shopping Center and, in turn, McIntyre Building
> agreed to encumber a 165 acre parcel of property located in
> Prattville, Alabama with a mortgage loan with BB&T.

Paragraph 8 of the Complaint belies the argument that the matters of McIntyre Land's

complaint and BB&T's Counterclaim are separate. For the claim of McIntyre Land to work, it

must encumber property owned by McIntyre Building. Indeed, in the text of Paragraph 8,

McIntyre Land refers to McIntyre Building as a Defendant, yet it is not named in the caption on

the complaint. The argument advanced by McIntyre Land, that its case does not involve property

of a bankrupt estate, is disingenuous. The only sensible way to consider all of the claims of all of

the parties in these two adversary proceedings is in a single proceeding. Otherwise there is a

6

possibility of inconsistent adjudications as well as the very real problem that a State Court would be making determinations that would directly affect property of the estate of McIntyre Building. Were a State Court to hear the action brought by McIntyre Land it would necessarily have to make a determination whether the allegations contained in Paragraph No. 8 have merit. In doing so, the Court would necessarily have to determine whether the mortgage of BB&T encumbered property of a bankrupt estate. As property of a bankrupt estate is within the exclusive jurisdiction of the bankruptcy court, the Circuit Court of Montgomery County lacks subject matter jurisdiction to do what McIntyre Land asks in its complaint. 28 U.S.C. § 1334(e)(1).

While the form of these proceedings is somewhat complex, the central question is whether the mortgage of BB&T encumbers land of McIntyre Land, as is contended by BB&T; or whether the mortgage of BB&T encumbers land of McIntyre Building, as it contended by McIntyre Land. Viewed in this its most basic form, this Adversary Proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(B) (proceedings involving the allowance or disallowance of claims against the estate). This is to be sure different from the usual situation, where a claimant comes forward asserting its claim only to be opposed by another party in interest who asserts that the claim is not valid. Rather, the situation here is that McIntyre Land contends that the BB&T mortgage encumbers property owned by McIntyre Building, which is the opposite of the usual state of affairs. However, if it is successful in its contention, it will clear a mortgage off its property in doing so. In bankruptcy parlance, McIntyre Land argues that BB&T holds a secured claim against property of the estate while BB&T argues that it does not. Therefore, the Court concludes that it has subject matter jurisdiction pursuant to

7

28 U.S.C. § 1334(e)(1), and that these are core proceedings within the meaning of 28 U.S.C. § 157(b)(2)(B).

Having determined these proceedings should be considered together, the Court may proceed to a detailed resolution of the pending motions. First, the Court will vacate its order of October 21, 2010, as having been improvidently entered in light of the Counterclaim and Crossclaims which BB&T had timely filed, but were not considered by the Court. Second, the Court will consolidate Adversary Proceeding 10-3029 and 10-3084, so that all related issues may be considered in a single proceeding. Third, the motion to remand Adversary Proceeding 10-3084, filed by McIntyre Land will be denied. Fourth, the motion for sanctions filed by McIntyre Land will be denied.

Having consolidated these proceedings, the Court will next consider the Motion to Intervene filed by ServisFirst Bank. (10-3084, Doc. 4). ServisFirst claims a first mortgage on the Prattville Square property and contends that it should be made a party so that it may protect its interest in the Prattville Square property. The Court finds that the motion is well taken and notes that no party has objected. Therefore, the Motion to Intervene filed by ServisFirst will be granted.

BB&T has moved to dismiss Counts Two through Five of the Complaint in AP 10-3084. (Doc. 15). McIntyre Land moved to strike the motion to dismiss, contending that it was premature. Given the Court's determination of other motions, that is no longer so. Therefore, the Court will deny the motion to strike filed by McIntyre Land and consider the motion to dismiss on its merits. The Court will, by way of a separate order, set a briefing schedule on the motion to dismiss.

8

BB&T has moved to reconsider the Scheduling Order previously entered in 10-3029. (Doc. 49–moving to amend Doc. 11). The Court is of the view that the Scheduling Order should be amended, however, it does not propose to do so until it has disposed of the motion to dismiss.

The Court will address one argument made by McIntyre Land both at the January 11, 2011 hearing and in some of the written memoranda on file. McIntyre Land argues that the Court's Order of Dismissal entered October 21, 2010 was dispositive and that it became final 14 days thereafter as no appeal was filed. If that is the case, McIntyre Land contends that Adversary Proceeding 10-3084 is dismissed, and that 10-3029 should be remanded to Montgomery County for trial on the State law questions raised. Admittedly the procedural history of this case is ragged and the Court bears a share of the blame, first for failing to consider the Counterclaim and Crossclaim at the time the Order of Dismissal was entered and second for failing to make clear in its Order of October 22, that it would reconsider, sua sponte, its October 21 Order. As the Court moved to reconsider sua sponte its October 21 Order, BB&T needed not nor could not file an appeal until the reconsideration was determined. Much of the discussion in the brief filed by McIntyre Land centers on Rule 60, Fed. R. Civ. P., contending that a Rule 60 motion is not a substitute for a timely appeal. While this statement is a correct statement of the law, it is not applicable here as the Court, acting sua sponte, timely took action to reconsider its October 21 Order.

## III. CONCLUSION

On October 21, 2010, this Court entered an Order of Dismissal (Case No. 10-3029, Docs. 36, 37). The following day, on October 22, 2010, the Court took action, _sua_ _sponte_, to reconsider its own order. (Case No. 10-3029, Doc. 38). A hearing was held on November 9, 2010. On December 1, 2010, the Court called for additional briefing on its motion to reconsider. (Case No. 10-3029, Doc. 40). As the Court was acting on its own motion, the October 21 Order of Dismissal did not become final and as a result, the arguments based on Rule 60, made by McIntyre Land, do not apply.

Considering the merits of the underlying claims and counterclaims, the Court concludes that the subject matter of all the claims are so interrelated so as to make their trial separately in separate fora inappropriate and would likely lead to the possibility that a nonbankruptcy court would decide whether property of a bankruptcy estate was encumbered with a mortgage. As a result, the Court will hear all related claims here. The Court will enter a separate order consistent herewith.

Done this 7th day of February, 2011.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Scott M. Speagle, Attorney for Plaintiff
   Clifton C. Mosteller, Esq.
   Edward Russell March, Esq.
   Jenna M. Bedsole, Esq.
   Jennifer B. Kimble, Esq.
   Thomas J. Skinner IV, Esq.
   Michael A. Fritz, Sr., Esq.
   Leonard N. Math, Esq.

10

11